# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINNA CHEA,<br><br>    Plaintiff,<br><br> v.<br><br>LITE STAR ESOP COMMITTEE, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00647-JLT-SAB<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 44) |

   On April 27, 2023, Linna Chea, on behalf of the Lite Star Employee Stock Ownership Plan established on August 29, 2017 and effective as of September 1, 2016 (the "ESOP") filed this civil enforcement action pursuant to Sections 502(a)(2)(3) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132(a)(2)(3). The plaintiff sues for various violations of the Employee Retirement Income Security Act of 1974.[1]

   Before the Court is the motion to dismiss filed by the PFS Defendants, (Docs. 23, 23-2), a motion to dismiss filed by the ESOP Committee, Sloan, Kathleen Hagen, Kathleen Hagen as Legal Successor, and the Hagen Estate (together the "Hagen Defendants") (ECF No. 24), and a motion to

---

[1] The complaint names as defendants the Lite Star ESOP Committee ("ESOP Committee"), B-K Lighting, Inc., ("Company"), Nathan Sloan, Kathleen A. Hagen ("Ms. Hagen"), Kathleen A. Hagen, as legal successor to Douglas W. Hagen ("Kathleen Hagen Successor"), Estate of Douglas W. Hagen ("Hagen Estate"), Miguel Paredes, and Prudent Fiduciary Services, LLC, a California Limited Liability Company.

1

1  dismiss pursuant filed by the Company (Doc. 25). The Magistrate Judge held a hearing on the
2  matters and issued findings and recommendations that the motions to dismiss (Docs. 23, 24, 25) be
3  denied except that the Hagen Defendants' motion to dismiss Count VII be granted with leave to
4  amend.  (Doc. 44 at 7-104.[2]) The moving parties filed objections. (Docs. 47, 48, 49.)

5  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
6  *de novo* review of this case.  Having carefully reviewed the entire file, including defendants'
7  objections and plaintiff's omnibus reply, the Court concludes the findings and recommendations
8  are supported by the record and proper analysis <u>except that</u> the Court declines to adopt the
9  Magistrate Judge's recommendation that the PFS Defendants' request for judicial notice in
10 connection with its motion be denied, as discussed below.

**DISCUSSION**

**A.     Extrinsic Documents Proffered by the Parties**

**1.     Extrinsic Documents Proffered by the PFS Defendants**

The PFS Defendants' motion to dismiss includes a request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 or the doctrine of incorporation by reference, of the following documents (true and correct copies of which are appended to the request): (1) the Trustee Engagement Agreement, (2) the ESOP Loan Agreement, and (3) the Company ESOP Note.  (Doc. 23-2.)  In support, the PFS Defendants argue that "[p]laintiff's claims are based upon these documents, the documents' contents are referenced in the [c]omplaint, and their authenticity is not disputed."  (Doc. 23-2 at 3.)

Plaintiff opposes judicial notice, arguing that the proffered documents are outside of Rule 201.  Plaintiff also argues these extrinsic documents are not incorporated into the complaint because the complaint does not refer to the documents or "hinge on" the excerpts from the documents upon which the PFS Defendants rely, and the documents are unauthenticated pending discovery.  (Doc. 34 at 11, 20-24.)

The Magistrate Judge found that "greater weight supports Plaintiff's position that the Trustee Engagement Agreement is an improper subject of judicial notice at this stage."  (Doc. 44

---

[2] Reference to pagination is to CM/ECF system pagination.

1   at 28.)   The Magistrate Judge provided a reasoned analysis of the cases cited by the parties,

2   considered the parties' arguments, and recommended "denying taking judicial notice of the

3   Trustee Engagement Agreement at this point." (Doc. 44 at 31; *see also id.* at 27-28.)  The

4   Magistrate found "more persuasive" Defendants' request for judicial notice of the ESOP Loan

5   Agreement and the Company ESOP Note. (Doc. 44 at 52.)  The Magistrate Judge found the

6   complaint expressly referred to these documents.   (*Id.* citing Doc. 1 at 9.) In any event, the

7   Magistrate Judge considered all three of the above noted extrinsic documents in his reasoned

8   analysis. (*See e.g.*, Doc. 44 at 27-28, 31, 52-53.)

9          The Court agrees with the Magistrate Judge to the extent he found that Federal Rule of

10  Evidence 201 is not a basis to take judicial notice of these proffered extrinsic documents. Even

11  so, the Court the proffered extrinsic documents are incorporated by reference into the complaint.

12  The Court declines to adopt the Magistrate's findings and recommendation otherwise.

13         When ruling on a Rule 12(b)(6) motion, a court may consider documents incorporated by

14  reference in the complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir.

15  2018). "Even if a document is not attached to a complaint, it may be incorporated by reference

16  into a complaint if the plaintiff refers extensively to the document or the document forms the

17  basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Unlike

18  judicial notice, a court may take the contents of an incorporated document as true for purposes of

19  a Rule 12(b)(6) motion to dismiss unless doing so would "only serve to dispute facts stated in a

20  well-pleaded complaint." *Khoja,* 899 F.3d at 1003.

21         These three documents underpin the complaint and are directly relevant to plaintiff's

22  claim therein. (*See* Doc. 1 at 2-22); *see also Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124,

23  1128 (C.D. Cal. 2007) (a court may consider documents which are not physically attached to the

24  complaint but "whose contents are alleged in [the] complaint and whose authenticity no party

25  questions."*); Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have

26  extended the doctrine . . . to consider documents in situations where the complaint necessarily

27  relies upon a document or the contents of the document are alleged in the complaint, the

28  document's authenticity is not in question and there are no disputed issues as to the document's

1    relevance."); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (same).

2        The complaint specifically refers to these proffered ESOP documents or their content. *See*

3    *Aledlah v. S-L Distribution Co., LLC*, 2020 WL 2927980, at *3 (N.D. Cal. June 3, 2020) (quoting

4    *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)) ("[A] court may consider evidence on which

5    the complaint necessarily relies if (1) the complaint refers to the document; (2) the document is

6    central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to

7    the 12(b)(6) motion."); *Khoja*, 899 F.3d at 1002 (courts also may consider documents under the

8    doctrine of incorporation by reference at the pleadings stage in "rare instances" where the

9    complaint does not refer to the documents, but "the claim[s] necessarily depend[ ] on them.").

10   Particularly, the complaint refers to the ESOP Plan (Doc. 1 at 9, 11, 12, 17); the ESOP's

11   governing instruments (*id.* at 4-5); the ESOP Summary Plan Description (*id.*); the ESOP

12   Transaction (*id.* at 14); the promissory note from the ESOP (*id.* at 9); the ESOP administrator(s)

13   (*id.* at 17); the ESOP Committee (*id.* at 18); and the PFS Defendants as ESOP trustee, appointed

14   by the Hagen Defendants (*id.* at 2, 6-7, 11). Moreover, plaintiff's claims depend upon the

15   undisputed contents of these documents. (*Id.* at 12-22.)

16       Also, Plaintiff's claims are predicated upon her participation in the ESOP. The ESOP

17   Transaction established the ESOP. The ESOP Transaction was financed by the ESOP Loan and

18   Note. The proffered ESOP documents including terms and conditions therein are essential to her

19   complaint. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *as amended* (July 28,

20   1998) superseded by statute on other grounds as stated in *Rueda Vidal v. Bolton*, 822 Fed. Appx.

21   643, 644-45 (9th Cir. 2020) (citing *Abrego v. Dow Chemical Co*., 443 F. 3d 56756, 681 (9th Cir.

22   2006)) (a district court ruling on a motion to dismiss may consider a document the authenticity of

23   which is not contested, and upon which the plaintiff's complaint necessarily relies).

24       To the extent Plaintiff suggests these documents are unauthenticated (*see* Doc. 34 at 11,

25   20-21), she does not make any showing they are other than what the PFS Defendants claim. (*See*

26   Doc. 36 at 9 citing *Davis v. HSBC Bank Nevada, N.A*., 691 F.3d 1152, 1161 (9th Cir. 2012)

27   (holding where "party opposing incorporation by reference argues only that he did not review or

28   have access to the proffered copies, this does not amount to a challenge to those documents'

1  authenticity");*see also id.* at 11 citing *Korman v. ILWU-PMA Claims Office*, 2019 WL 1324021,
2  at *7 (C.D. Cal. Mar. 19, 2019).(incorporation by reference appropriate where the plaintiff raised
3  no "legally cognizable grounds" to dispute authenticity).

### 2.     Extrinsic Documents proffered by Plaintiff

Plaintiff's counsel attaches to his declaration in opposition to the Company's motion to dismiss, true and correct copies of the Lite Star ESOP (Effective September 1, 2016) and the Lite Star ESOP Summary Plan Description (Effective September 1, 2016). (Docs. 33-1, 33-2, 33-3.) The Company argues these documents are not properly the subject of judicial notice and should be ignored. (Doc. 37 at 8.) The Magistrate Judge treated these documents as incorporated by reference in the complaint and considered them. (*See e.g.*, Doc. 35 at 9 n.3; Doc. 44 at 34, 43 n.12, 45, 47, 64, 82.)

The Court agrees and finds that the Lite Star ESOP and the Lite Star Summary Plan Description, are incorporated into the complaint by reference. These documents form a basis for the complaint and are directly relevant to plaintiff's claims therein, for the same reasons discussed above. (*See* Doc. 1 at 2-22); *see also Zella*, 529 F. Supp. 2d at 1128. Moreover, the complaint specifically refers to these proffered ESOP documents or their content. (*See e.g.*, Doc. 1 at 4-5, 9, 11-12, 17-18.) Plaintiff's claims depend upon the undisputed contents of these documents. (*Id.* at 12-22); *see also Aledlah,* 2020 WL 2927980, at *3 (under the incorporation-by-reference doctrine, "[a] court may consider evidence on which the complaint necessarily relies if (1) the complaint refers to the document, (2) the document is central to the plaintiff's claim, and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."); *cf. Gerritsen v. Warner Bros. Entm't Inc.*, 112 F.Supp.3d 1011, 1021 (C.D. Cal. 2015) ("Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss . . . if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice.").

///

///

///

**B.     PFS Defendants' Objections to Magistrate Judge's Findings and Recommendations (Counts I, III)**

    **1.     Article III Standing**

The Magistrate Judge found that "[plaintiff's] allegations sufficiently state a concrete injury traceable to the Defendants that is redressable by a favorable decision . . . [and that] plaintiff adequately pleads that her (and the ESOP's) economic injury is the direct result of the Defendants' failure to properly evaluate and take into account problems with the Company's operations, management, and financial reporting." (Doc. 44 at 22.)  The PFS Defendants object on grounds plaintiff was not individually injured by their alleged act/omissions; her standing allegations are merely conclusory; and the Magistrate Judge did not correctly weigh the persuasive value of the authorities before him.  (Doc. 48 at 11-17.) However, the objections provide no basis for the Court to reject the Magistrate Judge's findings.  The Magistrate correctly applied the controlling legal authority, and his analysis of the PFS Defendants' motion was fair and reasonable.

Plaintiff must demonstrate that she suffered an injury in fact, it is fairly traceable to the challenged conduct of the Defendants, and it is likely to be redressed by a favorable judicial decision.  (Doc. 44 at 7 citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)); *see also Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023) (same); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 341 (2016) ("[o]ur cases have established" these three elements); *see also Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020).

The Magistrate Judge correctly found the allegations and the reasonable inferences therefrom plausibly alleged plaintiff's stake as a vested beneficiary of the ESOP, a defined contribution plan, and injury to her ESOP trust account from the ESOP Transaction's sale and exchange of overvalued ESOP stock and related non-exempt debt financing which exacerbated impacts of the above market valuation. (*See* Doc. 44 at 22 citing *In re Sutter Health ERISA Litig.*, 2023 WL 1868865, at *5 ("[i]n the context of ERISA claims regarding defined contribution plans, plaintiffs can establish Article III standing by pleading injury to their own plan account."); *see also Thole* 590 U.S. at 540 ( (in a defined-contribution plan . . .  the retirees' benefits are

1  typically tied to the value of their accounts[.]"); *Lorenz v. Safeway, Inc.*, 241 F. Supp. 3d 1005,
2  1014 (N.D. Cal. 2017), abrogated on other grounds by *Rollins v. Dignity Health*, 338 F. Supp. 3d
3  1025 (N.D. Cal. 2018) (citing *Lujan*, 504 U.S. at 561, 112 S. Ct. 2130 (1992) (quoting *Lujan v.*
4  *National Wildlife Federation*, 497 U.S. 871, 889 (1990)).") ("[A]t the pleading stage, general
5  factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to
6  dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to
7  support the claim.' ").

8        Plaintiff plausibly alleges that, as an ESOP participant, she was injured by the prohibited
9  ESOP Transaction caused by the PFS Defendants' insufficient valuation analysis and process that
10 failed to account for pre-existing Company "adverse events," and by the Hagen Defendants
11 retained control of the Company after the sale and Defendants' continued enjoyment of the over-
12 market debt service. (Doc. 44 at 10 citing Doc. 1 at 7-12.)  The PFS Defendant fail sufficiently
13 to explain why plaintiff's alleged receipt of post-ESOP Transaction valuation information is a
14 basis to find otherwise. (*See* Doc. 48 at 13.)

15       Furthermore, the Magistrate Judge's reasoned analysis as to the persuasive weight of cases
16 before him leads the Court to reject the objection. (*See* Doc. 44 at 11-23 citing *In re Sutter*
17 *Health ERISA Litig.*, 2023 WL 1868865, at *5; *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th
18 Cir. 2011) (quoting *Lujan*, 504 U.S. at 561) ("At the pleading stage, general factual allegations of
19 injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we
20 presum[e] that general allegations embrace those specific facts that are necessary to support the
21 claim."); *see also Zavala*, 398 F.Supp.3d at 745-46; *Gamino v. KPC Healthcare Holdings, Inc.*,
22 2021 WL 162643, at *3 (C.D. Cal. Jan. 15, 2021) ("[I]t is enough to allege facts—as the
23 complaint does—which support an inference that the defendant fail[ed] to conduct an adequate
24 inquiry.").

25       The PFS Defendants' re-argument of the persuasive weight of cases considered by the
26 Magistrate Judge is unavailing, for the reasons stated by the Magistrate Judge. (Doc. 44 at 11-23;
27 *cf.* Doc. 48 at 13-14 citing *Plutzer on behalf of Tharanco Grp., Inc. v. Bankers Tr. Co. of S.*
28 *Dakota*, 2022 WL 17086483, at *2 (2d Cir. Nov. 21, 2022) ("But even if overpayment may

constitute a sufficient injury in fact in the general case . . . the complaint here does not adequately allege that overpayment occurred . . . [and is] speculative and conclusory.")

For example, the Magistrate Judge reasonably distinguished and declined to apply the mortgage-finance analogy stated in *Lee v. Argent Tr. Co.,* 2019 WL 3729721, at \*\*3-4 (E.D.N.C. Aug. 7, 2019), advocated by the PFS Defendants.  (*See* Doc. 44 at 15-23; *see also* Doc. 44 at 16-17 citing *Laidig v. GreatBanc Tr. Co*., 2023 WL 1319624, at \*5 (N.D. Ill. Jan. 31, 2023) (finding Article III standing where plaintiffs alleged financial harm to their ESOP shares as a result of the sponsoring company's inflated sale price – rejecting the *Lee* mortgage-finance analogy).  As the *Laidig* court observed:

> In the context of a privately held stock sale, there "is no objective price of the stock to serve as a baseline. Rather than the price of the stock being set by the 'wisdom of the crowd,' the price is simply what the buyer ultimately pays." *Zavala v. Kruse-W., Inc.*, 398 F. Supp. 3d 731, 745 (E.D. Cal. 2019). It follows that ESOP transactions like the one at issue here are more susceptible to overvaluation and manipulation, resulting in harm to Plan participants.

2023 WL 1319624, at \*6.

**2.    Status as ESOP Fiduciaries**

The Magistrate Judge found that plaintiff plausibly alleged PFS's status as ESOP fiduciary.  (Doc. 44 at 27-36 citing Doc. 1 at 6, *see also* Doc. 23-2 at 6-10, 18; Doc. 33-2 at 11); *Ahrendsen v. Prudent Fiduciary Servs., LLC*, 2022 WL 294394, at \*4 n.4 (E.D. Pa. Feb. 1, 2022) ("PFS disputes that it was a fiduciary. The court at this pleading stage takes the facts in the light most favorable to plaintiffs and will therefore not reach the merits of this claim on a motion to dismiss.").  The PFS Defendants object to the Magistrate Judge's findings on grounds that plaintiff's allegation PFS acted as a plan fiduciary is merely conclusory and speculative, reliant upon mere recitals of the elements of the Counts, and devoid of fact showing PFS was a named or functional plan fiduciary.  (Doc. 48 at 27-30.)

The Magistrate correctly stated the legal standards applicable to a determination of ERISA status as a named fiduciary or a functional fiduciary.  (Doc. 44 at 24-27 citing *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 653-54 (9th Cir. 2019); 29 U.S.C. § 1102(a)(2); 29

1   U.S.C.§ 1002(21)(A)).  As the Magistrate Judge observed, "[t]he central question is 'whether that
2   person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the
3   action subject to complaint.' "  (Doc. 44 at 25 citing *Depot*, 915 F.3d at 654.)

4        The PFS Defendants argue the Magistrate Judge answered that central question incorrectly
5   because "PFS is clearly nothing more than Mr. Paredes's operating company.  PFS here is tacked
6   onto Mr. Paredes's qualifications; PFS is not listed in its own capacity as a trustee."  (Doc. 48 at
7   30.)   These Defendants also fault the Magistrate Judge to the extent he failed to incorporate by
8   reference the Trustee Engagement Letter, which they argue supports dismissal of all claims
9   against PFS.  (*Id.* citing Doc. 23-2 at 6-10.)

10       The Court finds plaintiff's allegations support the Magistrate Judge's finding that plaintiff
11  properly alleged PFS is an ESOP fiduciary along with Miguel Paredes, particularly so, given
12  plaintiff's allegations that PFS acted together with Paredes as a functional ESOP fiduciary (*see*
13  *e.g.,* Doc. 44 at 36 n.11 citing Doc. 1 at 6-7, 11), and that PFS authorized the ESOP's purchase of
14  Company stock and has discretionary authority and control over ESOP management and assets.
15  (*See* Doc. 44 at 27-36; *see also* Doc. 1 at 6.)  In further support of the finding, the Magistrate
16  Judge observed Paredes signed certain of the ESOP documents "in some connection with PFS."
17  (Doc. 44 at 34.)  The Court also observes the Trustee Engagement Agreement, wherein Paredes
18  acts in some association with and/or through PFS, and whereunder certain amounts due are paid
19  to PFS.  (*See* Doc. 23-2 at 6-10.)

20       **3.   Prohibited Transaction**

21       The Magistrate Judge found that plaintiff plausibly alleged that the PFS Defendants
22  violated ERISA by causing the ESOP to enter a prohibited transaction, i.e., the ESOP
23  Transaction, which involved the sale and exchange of ESOP stock with an "interest person,"
24  financed by a loan that was not an exempt loan under ERISA, all contrary to the best interests of
25  the ESOP plan and participants.  (Doc. 44 at 48-61 citing 29 U.S.C. §§ 1106(a)(1)(B)(D),
26  1108(b)(3), (e), 1002(18)(B)); *see also Laidig*, 2023 WL 1319624, at *6 (plan fiduciary liable for
27  any loss resulting from ESOP's purchase of overvalued stock). The PFS Defendants object that
28  plaintiff relies upon only speculation and surmise in alleging the PFS Defendant's ESOP stock

valuation investigation and process was neither appropriate nor independent. (Doc. 48 at 24-27.) For example, these Defendants argue that no specific facts before the Magistrate Judge show fault in their valuation process, or that they were conflicted in that process. (*Id.*)

The Magistrate Judge correctly stated ERISA's prohibition on transactions between a plan and party in interest, for less than adequate consideration, viz.:

> Except as provided in section 1108 of this title:
>
> (1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect—
>
>> (A) sale or exchange, or leasing, of any property between the plan and a party in interest;
>>
>> (B) lending of money or other extension of credit between the plan and a party in interest;
>>
>> [. . .]
>>
>> (D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan[.]

(Doc. 44 at 48 citing 29 U.S.C. § 1106(a).

> Sections 1106 and 1107 of this title shall not apply to the acquisition or sale by a plan of qualifying employer securities
>
> [. . .]
>
> (1) if such acquisition, sale, or lease is for adequate consideration (or in the case of a marketable obligation, at a price not less favorable to the plan than the price determined under section 1107(e)(1) of this title)[.]

(Doc. 44 at 48 citing 29 U.S.C. § 1108(e); *see also id.* citing 29 U.S.C. § 1002(18)(B) (adequate consideration is defined by "the fair market of the asset as determined in good faith by the trustee or named fiduciary."). The allegations provide support for the Magistrate Judge's findings that the PFS Defendants caused the ESOP to enter the prohibited ESOP Transaction. (*See* section B 2, *ant*e; *see also* Doc. 44 at 48-61 citing Doc. 1 at 12-13.)

Additionally, the Magistrate Judge correctly found plausible the plaintiff's allegations that the ESOP Transaction loan was non-exempt under and a violation of ERISA. (*See* Doc. 44 at 52-

1    61.) The Magistrate Judge observed ERISA's conditional exemption for ESOP loans applies

2    where the loan is primarily for the benefit of participants and beneficiaries of the plan and is at an

3    interest rate which does not exceed a reasonable rate. (Doc. 44 at 49 citing 29 U.S.C. §

4    1108(b)(3).)

5          The Magistrate Judge found that plaintiff plausibly states a basis for relief because the

6    non-exempt ESOP Loan financing the prohibited ESOP Transaction, served to exacerbate the

7    over-market that debt service and reduce plaintiff's ESOP trust account. The Magistrate Judge

8    found a plausible claim that the ESOP loan neither was based upon a reasonable rate of interest,

9    nor primarily for the benefit of ESOP participants.  (*See* Doc. 44 at 53-56  citing 29 U.S.C. §§

10   1108(b)(3)(A)(B); *Zavala v. Kruse-W., Inc*., 562 F. Supp. 3d 1059, 1072 (E.D. Cal. 2021) (the

11   losses in a breach of fiduciary claim arising from an ESOP's purchase of private company stock

12   are determined based "not only on the purchased shares' price, but also on their value).

13         The Magistrate Judge reasonably could discount the PFS Defendants' argument that the

14   Applicable Federal Rate specified in the ESOP Loan Agreement (Doc. 23-2 at 13) is, by

15   definition, a reasonable rate, for the reasons stated by the Magistrate Judge.  (*See* Doc. 48 at 20

16   citing *In re Facebook, Inc. IPO Sec. & Derivative Litig.,* 2015 WL 6971424, at *12, n.7

17   (S.D.N.Y. Nov. 9, 2015) [a non-ERISA case]; Doc.44 at 53-55 citing Doc. 1 at 12-13.)  For the

18   same reasons, the Magistrate Judge reasonably could discount the PFS Defendants' argument that

19   the ESOP Loan primarily benefitted the ESOP and its participants. (*See* Doc. 48 at 21 citing Doc.

20   23-2; 29 C.F.R. § 2550.408b-3(c), (d), (f).) Furthermore, the PFS Defendants' argument that the

21   Magistrate Judge conflated and misapplied the applicable ERISA standards in 29 U.S.C. §

22   1106(a)(1)(A-B) and 29 U.S.C. § 1108(a)(3)(b)(3) and related caselaw (*see* Doc. 48 at 18-20

23   citing Doc. 23-2 at  13-14); 29 C.F.R. § 2550.408b-1(e); 29 C.F.R. § 2550.408b-3(c)(3), (g)),

24   ignores the Magistrate Judge's reasoned discussion in its full context.  (*See* Doc. 44 at 48-61.)

25         Finally, the PFS Defendants re-argument of the persuasive weight of cases before the

26   Magistrate Judge is unavailing, for reasons stated by the Magistrate Judge.  For example, the

27   Magistrate Judge reasonably rejected Defendants' argument that 29 U.S.C. § 1106(a)(1)(D)

28   requires a subjective intent to benefit a party in interest because the statute, on its face, does not

require this. (*See* Doc. 48 at 22-23, cases cited therein.) The Magistrate Judge's analysis of the cases in the context of the allegations and inference from well pled facts, is fair and reasonable, particularly so, as to the Magistrate Judge's decision to accord weight to *Bugielski* and to discount the PFS Defendant's proffered out of circuit authority. (*See* Doc. 44 at 56-61, citing *Bugielski v. AT&T Servs., Inc.*, 76 F.4th 894, 905-906 (9th Cir. 2023; Doc. 48 at 22.)

### 4. Breach of Fiduciary Duties

The Magistrate Judge found that plaintiff plausibly alleged the PFS Defendants breached ERISA fiduciary duties by causing the ESOP to enter the prohibited ESOP Transaction. The Magistrate Judge pointed to "sufficient circumstantial factual allegations by which the Court may reasonably infer the process was flawed[.]" (Doc. 44 at 70 citing Doc. 1 at 5-10.) The PFS Defendants object on grounds that plaintiff's conclusory and speculative allegations implicate merely corporate, not fiduciary process, and fail to raise an inference that their valuation analysis and process regarding the ESOP Transaction was deficient so as to breach duties of prudence and loyalty. (Doc. 48 at 23-27.)

The Magistrate Judge correctly detailed the ERISA standard of care:

> (a) Prudent man standard of care
>
> (1) Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
>
> (A) for the exclusive purpose of:
>
> (i) providing benefits to participants and their beneficiaries; and
>
> (ii) defraying reasonable expenses of administering the plan;
>
> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims[.]

(Doc. 44 at 65-66 citing 29 U.S.C. § 1104(a); *In re Sutter Health ERISA Litig.*, 2023 WL 1868865 at *11 (quoting *Pegram v. Herdrich*, 530 U.S. 211, 235 (2000)) ("duty of loyalty requires fiduciaries to make decisions 'with an eye single toward beneficiaries' interests.' ")); *see also Hurtado*, 2018 WL 3372752, at *6 (. Cal. July 9, 2018) ("To satisfy § 404 when facilitating a

1    transaction involving the sale of plan assets, the fiduciary must conduct an "adequate inquiry into
2    the proper valuation of shares.").

3    The plaintiff's allegations claim that the conduct of the PFS Defendants fell below the
4    applicable standard of care including as to prudence and loyalty, with regard to valuation of the
5    ESOP Transaction and related potential disgorgement, and that the PFS Defendants are liable for
6    ERISA relief.  (Doc. 44 at 65-75 citing 29 U.S.C. § 1104(a)(1); *see also* sections B 2, 3, *ante*);
7    *Wehner v. Genentech, Inc*., 2021 WL 507599, at *4 (N.D. Cal. Feb. 9, 2021) (the omission of
8    factual allegations referring directly to a plan fiduciary's "knowledge, methods, or investigations
9    at the relevant times" is "not fatal to a claim alleging a breach of fiduciary duty" because "ERISA
10   plaintiffs generally lack the inside information necessary to make out their claims in detail unless
11   and until discovery commences."). For example, the Magistrate Judge found from the ESOP
12   Transaction allegations that "the PFS Defendants approved the ESOP Transaction without
13   adequate and appropriate investigation because of their loyalties to the Hagen Family Defendants,
14   who hand-picked the PFS Defendants and continued to control the Company, and thus failed to
15   act solely in the interest of the participants and beneficiaries[.]"  (Doc. 44 at 75 citing Doc. 1 at
16   10-17); *see also Lauderdale v. NFP Ret., Inc*., 2022 WL 422831, at *12 (C.D. Cal. Feb. 8, 2022)
17   ("Plaintiffs are not required to make formal distinction of their pleadings based on breach of
18   loyalty and breach of fiduciary duty.")

19   **C.    Hagen Defendants' Objections to Magistrate Judge's Findings and**
20   **Recommendations (Counts I- II and IV-VI)**

21        **1.    Status as ESOP Fiduciaries**

22   The Magistrate Judge found that plaintiff properly alleged a claim based upon the Hagen
23   Defendants' status as at least functional ERISA fiduciaries in relation to the ESOP Transaction
24   and its remediation.  The Magistrate Judge pointed to supporting the fiduciary status by virtue of
25   the individual Hagen Defendants' membership on the ESOP Committee and/or Company board
26   of directors.  (Doc. 44 at 36-49.)

27   The Hagen Defendants object on grounds that pursuant to the ESOP (*see* Doc. 33-2) they
28   were at most nominal plan fiduciaries with limited duties, and did not actually function in a

13

fiduciary capacity with regard to the ESOP Transaction and its aftermath. (Doc. 49 at 6-9 citing Doc. 1 at 2, 4-6; Doc. 33-2.) They point out the Company's board appointed the PFS Defendants as independent ESOP trustee, and argue that they (the Hagen Defendants) thereafter acted in only a corporate capacity. (*Id.*) For example, these Defendants point out the ESOP Committee, to the extent it is an ESOP fiduciary and administrator, played no actual role in the ESOP Transaction. (*Id.*) They also argue that the Magistrate erred in considering the persuasive weight of the cases cited by the parties. (Doc. 49 at 9-22, citing cases.) However, the Magistrate correctly applied the controlling legal authority, and his analysis of the Hagen Defendants' motion was reasonable.

The individual and successor Hagen Defendants are ESOP Committee and/or Company board members, and as such are nominal direct and/or alternative ESOP fiduciaries and plan administrators. (Doc. 44 at 43 n.12; *see also* Doc. 33-2 at 24, 72.) For example, the ESOP Committee, through its members, exercises discretionary authority or control respecting the management and administration of the ESOP, including provision of direction to the PFS Defendants as requested or called for in the ESOP Plan. (*See* Doc. 44 at 45; Doc. 33-2 at 68-69, 72; Doc. 1 at 5-6.) Given the foregoing, it is plausible that the Hagen Defendants are fiduciaries with respect to appointment and retention of the PFS Defendants, with duties that include disclosure and loyalty regarding the ESOP Transaction and valuation of the ESOP stock. (*Id.*; *see also* Doc. 44 at 45-47, cases cited; *Zavala v. Kruse-W., Inc.,* 398 F. Supp. 3d 731, 743 (E.D. Cal. 2019) (denying motion to dismiss where the face of the complaint failed to establish that the consideration paid in the ERISA transaction at issue was adequate).

The Hagen Defendants' re-argument of the persuasive weight of cases before the Magistrate Judge does not support their objection, for the reasons stated by the Magistrate Judge. (*See* Doc. 44 at 38-49 & n.12 citing Doc. 1 at 5-6; Doc.33-2 at 69, 72); *see also In re Hemmeter*, 242 F.3d 1186, 1190 (9th Cir. 2001) (membership on sponsor's board sufficient to allege ERISA fiduciary status); *Kayes v. Pac. Lumber Co.,* 51 F.3d 1449, 1459 (9th Cir. 1995) (rejecting contention that where a corporation is the named fiduciary, the persons who act on behalf of the corporation do not become individual fiduciaries by virtue of those acts, even under the functional definition of fiduciary set forth in 29 U.S.C. § 1002(21)(A)); *Guenther v. Lockheed Martin Corp.*,

972 F.3d 1043, 1051 (9th Cir. 2020) (ERISA requires a fiduciary to discharge its responsibilities "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of . . . providing benefits to participants and their beneficiaries."); *Wool v. Sitrick*, 2010 WL 11597947, at *6 (C.D. Cal. Nov. 30, 2010) ("An appointing fiduciary's duties with respect to the appointed fiduciary also logically includes a duty to fully inform the appointed fiduciary so that it may meet its responsibilities under ERISA."); *Zavala*, 398 F. Supp. 3d at 743.

### 2. Breach of Fiduciary and Co-Fiduciary Duties and Equitable Remedies

The Magistrate Judge found that the ESOP Transaction was a prohibited transaction under ERISA (*see* sections B 2-5, C 2 *ante*), the Hagen Estate and Kathleen Hagen as Legal Successor are successors in interest to the late Douglas Hagen for purposes of the prohibited ESOP Transaction and its aftermath, (*see id.*; Doc. 44 at 61-64 citing 29 U.S.C. § 1106(a)(b); *Kayes*, 51 F.3d at 1459-60 (9th Cir. 1995); *Zavala*, 398 F. Supp. 3d at 744 ; Doc. 33-2 at 69, 72; *see also* Doc. 1 at 12-14), Sloan, the Hagen Estate, and Kathleen Hagen as Successor in Interest, as Company insiders, ESOP fiduciaries, and successors in interest to the late Douglas Hagen, had actual or constructive knowledge of the circumstances that made the ESOP Transaction unlawful and prohibited under ERISA (Doc. 44 at 97-98 citing Doc. 1 at 7-11, 19-20);), and the Hagen Defendants, as ESOP fiduciaries and administrators, failed to disclose to the PFS Defendants information about the Company and its valuation that was material to the ESOP Transaction, and failed to monitor the PFS Defendants and ESOP administrator(s) in relation to the prohibited ESOP Transaction and its remediation. (Doc. 44 at 76-78 citing Doc. 1 at 17-18.)

The Hagen Defendants object on grounds that they did not actually function in a fiduciary capacity by exercising discretionary authority or control over the ESOP Transaction or its remediation, but rather acted only in corporate and ESOP administrative capacities, any incorrect corporate valuation information known or knowable by them relating to the ESOP Transaction also was presumably known and considered by the independent ESOP Trustee and his financial advisor(s), and they had no actual knowledge the ESOP Trustee violated ERISA, and did not knowingly participate in any such violation. (Doc. 49 at 9-12.)

The Court agrees that the Magistrate Judge correctly found that plaintiff, to the extent of

the information available to her, plausibly alleged the Hagen Defendants, in their fiduciary capacity, had a hand in causing the ESOP's purchase of Company stock at above market value based upon information available to them as Company insiders, contrary to the best interests of the ESOP and its participants, and the ESOP's failure equitably to remedy that ERISA violation. (*See* Doc. 44 at 38-49, 63-66, 81-86, citing *In re Hemmeter*, 242 F.3d at 1190; *Johnson v. Couturier*, 572 F.3d 1067, 1077 (9th Cir. 2009) ("Where, as here, an ESOP fiduciary also serves as a corporate director or officer, imposing ERISA duties on business decisions from which that individual could directly profit does not to us seem an unworkable rule."); *Hurtado*, 2018 WL 3372752, at *11 ("When an ESOP fiduciary also serves as a corporate director or officer, his ERISA duties extend to all business decisions from which he could directly profit.").)

The allegations suggest the Hagen Defendants fell below the ERISA standard of care by their direct or indirect acts/omissions relating to valuation of the ESOP Transaction and its aftermath. (*See* sections B 2-5, C 2, *ante*; *see also* Doc. 44 at 44-46, 64-83, 89-89 citing Doc. 1 at 7-12, 17-19; *Zavala,* 2021 WL 5883125, at *11; *Hurtado*, 2018 WL 3372752, at *13 (at the pleading stage "plaintiff is not required to plead specific facts about the fiduciary's internal processes because such information is typically in the exclusive possession of a defendant."); *Guenther*, 972 F.3d at 1051 (The "duty of loyalty is one of the common law trust principles that apply to ERISA fiduciaries, and it encompasses a duty to disclose."); *Wool*, 2010 WL 11597947, at *6 ("An appointing fiduciary's duties with respect to the appointed fiduciary also logically includes a duty to fully inform the appointed fiduciary so that it may meet its responsibilities under ERISA.").

As the Magistrate Judge observed, Plaintiff's allegations plausibly suggest the Hagen Defendants had not only knowledge of the prohibited ESOP Transaction, but knowingly participated in the allegedly ERISA prohibited ESOP Transaction. (*See* Doc, 44 at 88 citing " *Hurtado*, 2018 WL 3372752, at *13 (plaintiff need allege facts to show only 'that the fiduciary knew or should have known about the trustee's misconduct and failed to take steps to remedy the situation). Furthermore, plaintiff plausibly alleges the PFS Defendants approved the ESOP Transaction without adequate and appropriate investigation because of their loyalties to the

Hagen Defendants, who hand-picked the PFS Defendants, and continued to control the Company. (Doc. 44 at 74-75 citing Doc. 1 at 10-17.) For example, the Magistrate Judge observed that:

> Plaintiff alleges the Hagen Family Defendants knew of obsolete products in the Company's warehouse that were not saleable and should have been written off rather than counted as valuable inventory on the Company's financial statements, (Compl. ¶ 31); alleges they knew the Company's sales were declining due to its failure to adopt technological advances, such as LED and Bluetooth controlled lighting, (Compl. ¶ 27); alleges they knew they would keep control over the Company after the ESOP Transaction and use their control to have the Company enter into a consulting agreement with Mr. Hagen the day after the ESOP Transaction to pay him $2 million for no actual work, (Compl. ¶ 32); alleges they knew the family planned to purchase a jet airplane shortly after the ESOP Transaction with money loaned from the Company and to lease the jet back to the Company, even though they used it primarily for personal travel, (Compl. ¶¶ 33-34, 44); and alleges they failed to disclose any of this material information to the Trustee (e.g., Compl. ¶ 43).

(Doc. 44 at 78; *see also id.* at 80 citing Doc. 1 at 5-18.) Additionally, the Court finds the incorporated extrinsic documents fairly support the Magistrate Judge's noted findings. (*See e.g.*, Doc. 33-2 at 69, 72; cf. Doc. 49 at 14-16.)

Finally, the Magistrate Judge's analysis of the persuasive weight of cases before him is fair and reasonable. (*See* Doc. 44 at 62-65.) Defendants re-argument of these matters is unpersuasive, for the reasons stated by the Magistrate Judge. (*Id.*; Doc. 49 at 10-13.) Particularly, the Hagen Defendants' assertion the Court should rely upon the PFS Defendants' presumptive actual due diligence in the ESOP Transaction as negating any ESOP discretion and authority in the Hagen Defendants (*see* Doc. 49 at 9-12, cases cited), is unpersuasive at the pleading stage, for the reasons stated by the Magistrate Judge. (Doc. 44 at 61-83 citing *Soo Park v. Thompson*, 851 F.3d 910, 928–29 (9th Cir. 2017) (discussing the *Twombly* plausibility standard); *Lauderdale*, 2022 WL 422831, at *6 (allegations of breach of fiduciary's duty of prudence subsume breach of duty of loyalty); *Carter v. San Pasqual Fiduciary Tr. Co.,* 2016 WL 6803768, at *4 (C.D. Cal. Apr. 18, 2016) ("[I]n the Ninth Circuit, an individual that has both fiduciary and business functions is liable for breach of fiduciary duty under ERISA for business decisions affecting the value of plan assets when the individual could directly profit from the business decisions.").)

**D.     The Company's Objections to Magistrate Judge's Findings and Recommendations (Counts IV)**

The Magistrate Judge found that plaintiff alleged that: (1) the Company, sponsor of the ESOP and a named ESOP fiduciary and alternate ESOP administrator with ongoing duties including providing information to and monitoring the PFS Defendants regarding the ESOP Transaction (*see* Doc. 44 at 85 citing Doc. 33-2 at 24, 72; Doc. 1 at 4-5), provided the PFS Defendants with financial projections that failed to disclose several "adverse corporate events," (Doc. 44 at 86 citing Doc. 1 at 8-10; *see id.* at 87); (2) the Company had actual knowledge the projections provided to the PFS Defendants contained incomplete and inaccurate information, "specifically that the projections did not account for several factors that would have negatively impacted the valuation[,]" (Doc. 44 at 88, 91 citing Doc. 1 at 7-12, 18-19), causing the prohibited ESOP Transaction (Doc. 44 at 91-92); and (3) the Company thereafter failed to monitor the PFS Defendants regarding the ESOP Transaction aftermath and remediation (Doc. 44 at 76-78 citing Doc. 1 at 17-18); *see also Hurtado*, 2018 WL 3372752, at *13 (at the pleading stage "plaintiff is not required to plead specific facts about the fiduciary's internal processes because such information is typically in the exclusive possession of a defendant.").

The Company objects on grounds that it did not act in a fiduciary capacity with regard to the ESOP Transaction, the allegation that the ESOP Transaction was prohibited under ERISA is unsubstantiated, and the allegation of derivative liability for co-defendant's conduct is unsubstantiated.[3] (Doc. 47 at 5-12 citing *Johnson*, 572 F.3d at 1076 (appointing fiduciary is liable "albeit only with respect to trustee selection and retention"); *Hickman v. Tosco Corp.*, 840 F.2d 564, 566 (8th Cir. 1988) (plan fiduciaries are not liable under ERISA for decisions made in corporate capacities, despite the affect such decisions might have on the value of ESOP stock); *Montgomery v. Aetna Plywood, Inc.*, 39 F. Supp. 2d 915, 936 (N.D. Ill. 1998) (trustee who relies reasonably on an advisor does not violate ERISA "even if the consideration paid differs somewhat from what the court determines to be adequate consideration").)

---

[3] The Company adopts the arguments made by its co-defendants in their separately filed objections. (Doc. 47 at 6 n.2.)

The Company's core arguments, that the alleged adverse corporate events relied upon by plaintiff do not implicate the Company's limited fiduciary duties (*see* Doc. 47 at 5-12), and that it had no ESOP stock valuation responsibility because such matters were delegated to the PFS Defendants (*id.*), are not persuasive at the pleading stage, for the reasons stated by the Magistrate Judge. (Doc. 44 at 83-94.) For example, the Magistrate Judge observed Plaintiff's allegations that the PFS Defendants relied on projections provided by the Company that failed to account for multiple specifically described "adverse corporate events" known or knowable at the time of the ESOP Transaction causing flawed valuation of the ESOP Transaction. (Doc. 44 at 87 citing Doc. 1 at 7-12; *see also* section B 2-5, C 2-3, *ante*.)

### E. Hagen Defendants, PFS Defendants, and Company's Objections to the Magistrate Judge's Findings and Recommendations (Count VII)

The Magistrate Judge issued primary and alternative findings and recommendations on Count VII, which alleges that all named Defendants breached fiduciary duties by agreeing to an indemnity provision that is void under ERISA. (*See* Doc. 44 at 99-106 citing 29 U.S.C. §§ 1110, 1104(a); 29 C.F.R. § 2509.75-4; Doc. 1 at 20-21.) The Magistrate Judge's primary finding and recommendation is as to the Hagen Defendants' motion to dismiss Count VII. Therein, the Magistrate Judge found Count VII to be barred by ERISA's 6-year statute of repose, and impermissibly vague and ambiguous.[4] (*Id.*) The Magistrate Judge found that "[p]laintiff's allegation regarding the following of the [indemnity] provision by Defendants is impermissibly vague and conclusory, and thus the Court finds based on the adoption date of September 1, 2016, (Compl. ¶ 18), the claim is time-barred. *See* 29 U.S.C. § 1113(1)." (Doc. 44 at 104; *see also id.* at 101-04 citing Doc. 1 at 5; *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (a statute-of-limitations defense, if "apparent from the face of the complaint," may properly be raised in a motion to dismiss). The Magistrate Judge recommended granting the Hagen Defendants' motion to dismiss Count VII with leave to amend. (Doc. 44 at 104 citing Fed. R. Civ. P. 15(a)(2).)

---

[4] The Magistrate Judge rejected Hagen Defendants additional challenge to Count VII on grounds (i) plaintiff failed to state an ERISA violation, and (ii) Count VII is time barred based upon plaintiff's actual knowledge, pursuant to 29 U.S.C. § 1113(2). (*See* Doc. 44 at 102.)

The Hagen Family Defendants have not objected to the Magistrate Judge's recommendation on Count VII. (Doc. 49.) The PFS Defendants and the Company have not objected to the Magistrate Judge's primary findings and recommendation on Count VII. (Docs. 48, 47, respectively.) Plaintiff has stated her non-objection to the Magistrate Judge's primary finding and recommendation, and her intention to amend the complaint to explicitly allege that no indemnification took place until after the complaint was filed. (Doc. 52 at 48-49.) Therefore, the Court will adopt the Magistrate Judge's recommendation that the Hagen Defendants motion to dismiss Count VII on such grounds be granted with leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

The Court need not and does not reach the Magistrate Judge's alternative recommendations. (Doc. 44 at 104-05.) To the extent each of these Defendants objected to the Magistrate's alternative recommendation (*see* Doc. 48 at 27 [PFS Defendants objection]; Doc. 47 at 12-13 [Company's objection]), those objections, and plaintiff's response thereto (*see* Doc. 52 at 49-50), are moot. Thus, the Findings and Recommendations issued on January 25, 2024 (Doc. 44) are **ADOPTED IN PART**.

## CONCLUSION

Based on the foregoing, the Court **ORDERS**:

1. The findings and recommendations denying the motions to dismiss (Docs. 23, 24, 25) are **ADOPTED in FULL except** that the Court **DECLINES** to adopt the findings and recommendations to deny the PFS Defendants' request for judicial notice (Doc. 23-2). The request for judicial notice (Doc. 23-2) is **GRANTED**.

2. Plaintiff may file an amended complaint **within 30 days**. Failure to do so will result in the matter moving forward without the seventh cause of action.

IT IS SO ORDERED.

Dated:   **September 30, 2024**

_____
UNITED STATES DISTRICT JUDGE