1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINNA CHEA, | Case No. 1:23-cv-00647-JLT-SAB |
| Plaintiff, | ORDER RE: STIPULATED PROTECTIVE ORDER |
| v. | (ECF No. 70) |
| LITE STAR ESOP COMMITTEE, et al., | |
| Defendants. | |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Pursuant to Local Rule 141.1 and Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Linna Chea and Defendants Lite Star ESOP Committee, B-K Lighting Inc., Nathan Sloan, Kathleen A. Hagen, Kathleen A. Hagen, as legal successor to Douglas W. Hagen, Estate of Douglas W. Hagen, Miguel Paredes, and Prudent Fiduciary Services, LLC, through counsel undersigned, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in advance of trial in this action.

GOOD CAUSE STATEMENT PURSUANT TO L.R. 141.1(c) and F.R.C.P. 26(c)

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case, and that nothing will be so designated without a good faith belief that there is good cause as to why information should not be part of the public record.

**Statement Under L.R. 141.1(c)(1):** Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

a)    Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

b)    Agreements with third-parties;

c)    Research and development information;

d)    Information related to budgets, sales, profits, costs, margins, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

e)      Information showing the price or other information related to the terms of sale or purchase of products and materials relevant to this case;

f)      Information related to internal operations, including personnel information;

g)      Information related to past, current, and future market analyses and business and marketing development, including plans, strategies, forecasts and competition;

h)      personal identifying information such as social security numbers;

i)      personal financial information such as income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

j) Communications protected by the attorney-client privilege but subject to the "fiduciary exception"; and

k)      Trade secrets (as defined by the jurisdiction in which the information is located).

**Statement Under L.R. 141.1(c)(2):** Generally speaking, information and documents shall only be designated under this protective order because the Designating Party believes the information or documents are proprietary, confidential, privileged, and/or trade secret information that the Designating Party would not release publicly. Unrestricted or unprotected disclosure of such confidential, technical, commercial, or personal information may result in prejudice or harm to the Producing Party by revealing the Producing Party's competitive confidential information. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

**Statement Under L.R. 141.1(c)(3):** The parties submit that protecting the confidential nature of information in this way will be most efficient for the parties and the Court. That is because the liability issues in this case will involve the mutual exchange of documents and other information that a party may consider to be its proprietary, confidential, and trade secret information. Remedies issues in this case are likely to involve the mutual exchange of business- and personal-sensitive financial and related information. The parties have met and conferred on this issue and agree that any private agreement between the parties to safeguard this information will only need to be replicated through orders of this Court at the time of filing dispositive or non-dispositive motions.

**PROTECTIVE ORDER**

1.    DEFINITIONS.

(a)    The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

(b)    The term "Confidential" shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that the Designating Party in good faith reasonably believes will disclose confidential, proprietary and/or nonpublic financial, commercial personal, business, or privileged information eligible for protection under the Federal Rules of Civil Procedure. "Confidential" information shall not include information that either: (a) is in the public domain at the time of disclosure; (b) lawfully becomes part of the public domain through no fault of the recipient, or (c) was lawfully in the procession of the Receiving Party at the time of disclosure.

(c)    The term "Counsel" shall mean the attorneys of record for any party in this action, their associates, and their staff.  If any party seeks to add counsel of record or substitute counsel of record, then no "Confidential" Documents and information shall be disclosed to such additional or substitute counsel until they have agreed to this stipulation by executing the attached Exhibit A.

(d)    The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

(e)    The term "Documents" shall have the same meaning as the terms "documents and electronically stored information" as used in Rule 34 of the Federal Rules of Civil Procedure.

(f)    The term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party to serve as an expert witness or as a consultant in this litigation and who, at the time of retention, is not anticipated to become an officer, director, or employee of a Party. Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

(g)    The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(h)    The term "Party" shall mean any natural person, partnership, corporation, association, or other legal entity named as a party to this action, including all of their officers, directors, employees, agents and consultants retained in the ordinary course of business.

(i)    The term "Producing Party" shall mean a Party or Non-Party that produces information or other discovery material in this action.

(j)    The term "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(k)    The term "Protected Material" shall mean any information or other discovery material that is designated as "Confidential."

(l)    The term "Receiving Party" shall mean a Party that receives information or other discovery material from a Producing Party.

2.    DESIGNATING PROTECTED MATERIAL.

(a)    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designations.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify under the appropriate standards so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other

1  Parties that it is withdrawing the mistaken designation.

2      (b)    Manner and Timing of Designations. Except as otherwise provided in this Order
3  or as otherwise stipulated or ordered, discovery material and information that qualify for
4  protection under this Order must be clearly so designated before the material is disclosed or
5  produced.  The Designating Party must use reasonable efforts to ensure that the applicable
6  legend appears on each page of each file produced, as permitted by the particular format of a
7  given Document.

8      (c)    Materials Subject to Designation. Each party to this litigation may designate any
9  Document, thing, interrogatory answer, admission, deposition testimony, and portions of such
10  materials, or other information that it has provided or which a third-party has provided as
11  "Confidential" in accordance with this Protective Order. The party designating such information
12  as "Confidential" shall be known as the "Designating Party" and the designation shall be set out
13  thereon. In designating Documents or information as "Confidential," the Designating Party's
14  counsel shall make a good faith determination, before applying the designation, that the
15  information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

16      (d)    Designating Originals or Tangible Items. In the event the Producing Party elects
17  to produce original Documents and things for inspection rather than produce copies of
18  Documents, the Producing Party shall identify those original Documents or tangible items which
19  the Producing Party is designating as "Confidential" at the initial inspection. Thereafter, upon
20  selection of specified Documents for copying by the inspecting party, the Producing Party shall
21  mark the copies of such Documents as may contain protected subject matter with the appropriate
22  confidentiality marking at the time the copies are produced to the inspecting party. Said marking
23  shall not delay the production of the copies.  Information obtained by counsel from initial review
24  of Documents or tangible items, whether in written form or not, shall be maintained as
25  "Confidential" pursuant to the Producing Party's designations at the time of initial inspection,
26  unless such information is produced without a designation of confidentiality or as otherwise
27  agreed in writing by the Producing Party.

28  / / /

(e)     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, and a Party may designate a document as "Confidential" after its initial production if the Producing Party timely determines that it should have been so designated. A party or non-party who discloses or produces a confidential material not designated as may, within a reasonable time after discovering the error, provide notice of the error and produce a copy of the document designated as "Confidential." Those in receipt of the unmarked confidential document must return or destroy the unmarked copy, absent agreement of the parties to the contrary.

Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The failure to designate certain documents as "Confidential" does not waive and shall not prejudice a Party's right to so designate similar material—that is, there shall be no "subject matter waiver" with respect to failing to designate material as "Confidential".

(f)     Production by Non-Parties. The terms of this Order are applicable to information produced by a Non-Party.   Documents produced by Non-Parties shall be provisionally designated as "Confidential" for a period of 14 days from the date of production, during which period any Party may designate any portion of the production as "Confidential."   Any Party issuing a subpoena to a Non-Party shall notify the Non-Party of the existence of this proposed or entered Order and shall notify the Non-Party that it may designate material responsive to the subpoena in accordance with this Order. Additionally, a Party may designate information produced by a third party as "Confidential," where the third party is in possession of a Party's Confidential Information and a Party determines that the third party has not appropriately designated the information produced.

3.     CHALLENGING CONFIDENTIALITY DESIGNATIONS.

(a)     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is

1  disclosed.

2  (b)    Meet and Confer. The Challenging Party shall initiate the dispute resolution

3  process by providing written notice of each designation it is challenging and describing the basis

4  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

5  notice must recite that the challenge to confidentiality is being made in accordance with this

6  specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

7  good faith and must begin the process of conferring within fourteen (14) days of the date of

8  service of notice. In conferring, the Challenging Party must explain the basis for its belief that

9  the confidentiality designation was not proper and must give the Designating Party an

10 opportunity to review the designated material, to reconsider the circumstances, and, if no change

11 in designation is offered, to explain the basis for the chosen designation. A Challenging Party

12 may proceed to the next stage of the challenge process only if it has engaged in this meet and

13 confer process first or establishes that the Designating Party is unwilling to participate in the

14 meet and confer process in a timely manner.

15 (c)    Judicial Intervention. If the Parties cannot resolve a challenge without court

16 intervention, the Designating Party shall file and serve a motion to retain the confidentiality

17 designation within thirty (30) days of the initial notice of challenge or within seven (7) days of

18 the parties agreeing that the meet and confer process will not resolve their dispute, whichever is

19 later. Any motion seeking relief from the Court must comply with the Local Rules and standing

20 orders of the Court. Failure by the Designating Party to make such a motion within thirty (30)

21 days (or seven (7) days, if applicable), shall automatically waive the confidentiality designation

22 for each challenged designation.

23 The burden of persuasion in any such challenge proceeding shall be on the Designating

24 Party. All parties shall continue to afford the material in question the level of protection to which

25 it is entitled under the Producing Party's designation until the Court rules on the challenge.

26 4.    ACCESS TO "CONFIDENTIAL" MATERIALS.

27 All information designated as "Confidential" shall not be disclosed to anyone other than:

28 a)    The parties and their insurers;

b) Counsel;

c) The Court and its personnel;

d) Court reporters and/or videographers in the course of covering depositions and other proceedings;

e) The author or recipient of the document or a custodian or other person who otherwise possessed or knew the information;

f) Experts, consultants, and Professional Vendors retained by any Party or its Counsel; and

g) Any mediator jointly hired by the Parties or appointed by the Court to facilitate a potential resolution of the litigation.

All persons other than those identified in subsections (a)-(e) in the instant action to whom "Confidential" information is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms in the form of the certification contained in Exhibit A.

"Confidential" information subject to this Protective Order shall be used by the party(ies) to whom it is produced solely and exclusively for purposes of the above-captioned litigation unless and until such designation is removed either by agreement of the Parties or by order of the Court.

5.    EXPERTS & CONSULTANTS.

(a)    Persons Covered By This Provision. The procedure specified under Paragraph 6(b) shall apply to Experts expressly retained by Counsel to assist in the preparation of this litigation for trial, whether or not the Expert is expected to testify at trial, as well as any personnel who support such Expert's work under the Expert's direction and supervision, and who are necessary for the completion of that work ("Support Personnel").  Disclosures to any such Support Personnel are to be limited to only those disclosures necessary to assist the Expert.

(b)    Procedure for Designating Experts & Consultants Under the Protective Order. As a condition precedent to disclosure of any CONFIDENTIAL materials to an individual described in Paragraph 3(a) above, Counsel for the Receiving Party shall require the Expert and his/her

Support Personnel (if any) to execute the form of Exhibit A attached hereto. Such executed Exhibit A shall be maintained by Counsel for the Receiving Party for the term of this Stipulated Protective Order.

6.      STORAGE OF PROTECTED INFORMATION BY RECEIVING PARTY.

The recipient of any Confidential materials provided under this Protective Order (including copies or excerpts made thereof) shall maintain such information in a secure and safe area, and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

7.      TREATMENT OF PROTECTED MATERIAL AT DEPOSITIONS IN THIS
        LITIGATION.

(a)      Procedure for Designating Transcript Sections as Protected Material. Whenever following the parties' Rule 26(f) conference a deposition taken on behalf of any party involves a disclosure of "Confidential" Documents or information of any party, said deposition or portions thereof shall be designated as containing "Confidential" subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; however, any Party shall have until thirty (30) days after receipt of the final deposition transcript within which to designate, in writing, those portions of the transcript it wishes to remain designated as "Confidential" and the right to make such designation shall be waived unless made within the thirty (30) day period. During such thirty (30) day period, the entirety of the transcript shall be deemed designated ""Confidential".

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
        LITIGATION.

If a Party is served with a subpoena or a court order issues in another litigation that compels disclosure of any information or items designated in this action as "Confidential" that Party must:

(a)      Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and as further set forth below.

If a Party inadvertently produces information subject to a claim of attorney-client, work product, or other applicable privilege ("Privileged Information"), that disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege that would otherwise be available.    If the Producing Party makes a claim of inadvertent disclosure, the Receiving Party shall, within seven (7) days, return or destroy all copies of the Privileged Information and take reasonable steps to retrieve the Privileged Information if disclosed to any third party, and provide a certification of counsel that the Privileged Information has been returned or destroyed. Within seven (7) days of such notification, the Designating Party must produce an overlay that removes the Privileged Information. The Privileged Information shall thereafter be identified, as appropriate, on the Producing Party's privilege log, and the Receiving Party shall remain free to challenge the claim that the Privileged Information is privileged.

If a Receiving Party believes that it has received Privileged Information, the Receiving Party shall notify the Producing Party in writing promptly after such discovery. Within seven (7) days of receiving such notice, the Producing Party shall inform the Receiving Party in writing of an intent to claim privilege and provide a log of the Privileged Information. While it awaits a response from the Producing Party, the Receiving Party shall refrain from reading or otherwise using the Privileged Information. After being informed that the Producing Party intends to claim privilege over the Privileged Information, the Receiving Party shall take the steps set forth in the preceding paragraph.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or ESI for relevance, responsiveness, privilege, or other protected information before production.

The provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e).

11.    FINAL DISPOSITION.

(a)    Upon Termination of this Action. Within ninety (90) days after a final disposition of the action, which shall include entry of final judgment and the exhaustion of all rights of appeal, or a dismissal of the action, a Receiving Party shall either return to the Producing Party

or destroy all Documents and things or transcripts of depositions, together with all copies thereof, which have been designated "Confidential."  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  There shall be no obligation for Parties' counsel to search their emails for Protected Material and destroy any such emails/attachments containing Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.  Furthermore, the Parties and their Counsel may retain Confidential Information if required to comply with applicable laws, rules, or regulations or internal compliance requirements, and any Confidential Information that the Receiving Party believes cannot reasonably be destroyed (such as electronic back-up or archive records).

(b)    Continuing Obligations. The termination of proceedings in this action shall not thereafter relieve a person to whom "Confidential" was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

12.    LIMITATIONS.

(a)    Attorneys' Right to Counsel Clients. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's Party-client with respect to this action, and in the course thereof, relying upon an examination of "Confidential" Documents or information; provided, that in rendering such legal advice and in otherwise communicating with the Party-client, the attorney shall not disclose any "Confidential" Documents or information to anyone not authorized to receive such Documents, things, materials, or information pursuant to the terms of this Protective Order.

(b)    Filing Protected Materials. Any Documents produced in discovery, answers to interrogatories, deposition transcripts, or other Documents that are filed with the Court for any purpose and that incorporate information that is designated "Confidential" shall be filed in compliance with Local Rule 141, and any applicable Orders or procedures of this Court.

1    (c)    Reservation of Rights. Nothing in this Protective Order, nor the taking of any
2    action in accordance with the provisions of this Protective Order, nor the failure to object thereto,
3    shall be construed as a waiver or admission of any claim or defense of this action.  Moreover, the
4    failure to designate information in accordance with this Order and the failure to object to a
5    designation at a given time shall not preclude the filing of a motion at a later date seeking to
6    impose such designation or challenging the propriety thereof.  The entry of this Order shall not
7    be construed as a waiver of any right to object to the furnishing of information in response to
8    discovery or to object to a requested inspection of Documents or things, and, except as expressly
9    provided, shall not relieve any party of the obligation of producing information in the course of
10    discovery.  This Order shall not in any way limit what the Producing Party may do with its own
11    Documents or information.

12    (d)    The Parties will meet and confer in an attempt to agree upon a mechanism for
13    handling Confidential Information at any court hearing or trial. However, the final determination
14    as to how Confidential Information shall be handled will be made by the Court.

15    13.    MISCELLANEOUS.

16    (a)    Right to Seek Modification. The parties may, by written stipulation, provide for
17    exceptions to this Protective Order, and any Party may seek an order of this Court modifying or
18    interpreting this Protective Order.  No stipulation amending this Protective Order will have the
19    force or effect of a Court order absent the Court's written approval of it.

20    (b)    Right to Further Relief. Nothing in the foregoing provisions of this Protective
21    Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate
22    showing, additional protection with respect to the confidentiality or relief from this Protective
23    Order regarding matter designated as containing "Confidential."

24    (c)    Right to Assert Other Objections. By stipulating to entry of this Protective Order,
25    no Party waives any right it otherwise would have to object to disclosing or producing any
26    information on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party
27    waives any right to object on any ground to use in evidence of any of the material covered by
28    this Protective Order.

14

## COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER

Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that:

1. The above stipulated protective order is ENTERED;

2. The provisions of the parties' stipulation and this protective order shall remain in effect until further order of the Court;

3. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

4. The party making a request to file documents under seal shall be required to show either good cause or compelling reasons to seal the documents, depending on the type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir. 2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016); and

5. If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made.

IT IS SO ORDERED.

Dated: __**February 20, 2025**__

_____

STANLEY A. BOONE
United States Magistrate Judge

15